# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SCARLETT TONER, ON HER OWN**
**BEHALF AND ON BEHALF OF THOSE**
**SIMILARLY SITUATED,**

                    **Plaintiffs,**

**-vs-**                                        **Case No.  6:08-cv-279-Orl-28KRS**

**M/I HOMES OF ORLANDO, LLC,**

                    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 29)** |
| **FILED:** | **June 18, 2008** |

    On February 25, 2008, Plaintiff Scarlett Toner filed a complaint against Defendant M/I Homes of Orlando, LLC for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*. Doc. No. 1. The complaint was styled as a collective action. No other employees have filed notices to join in the action, and Toner's counsel states that he has moved separately to dismiss the collective action allegations.  Doc. No. 29 at 2.  As of the writing of this Report and Recommendation, however, no separate motion to dismiss the collective action allegations has been filed.

The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

In response to the Court's Interrogatories, Toner averred that she was owed wages of $12,183.60, plus liquidated damages in the same amount. Doc. No. 12. The parties represent that under the settlement agreement, Toner will receive $8,500.00 as negotiated after information was furnished in discovery that, Defendant contends, shows that Toner took personal time off during a portion of the work weeks at issue. Counsel represents that Toner is satisfied with the settlement. Based on these representations, I conclude that the amount Toner will receive is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."

Accordingly, I respectfully recommend as follows:

1. The Court **DISMISS** the collective action allegations in the complaint;

2. The Court **FIND** that the amount received by Toner is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

3. The Court **DISMISS** the case as to Plaintiff Toner with prejudice without reserving jurisdiction to enforce the settlement agreement; and,

4. The Court **DIRECT** the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 19, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE